IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| MARK McMANAWAY; DAVID RANCOURT; BRENT LASHER; JODY AISTROP; WILLIAM EARL BICKELL; MATTHEW DALE BOARD; LARRY BUNNER; WILLIAM DeLASHMUTT; JEFFREY FROMME; JEFFERY HENKE; ANTHONY HUFF; BEN McINTYRE; JEFFREY ALAN VARNER; TOMMY J. EBERT, JR; LUCAS RAY WHISTLE; MICAH PARTLOW; JURGEN P. TURNER, JR; RUSSELL KIMBERLING; SCOTT WYATT; GARY FISCHL; STEPHEN SALAMONE; RUSSELL GARVIN; DANIEL KRIBS; DAVID BARKER; EDWARD BOSA; STEVE MOORE on behalf of the wrongful death Estate of DAVID MOORE; JASON BREEDEN; CLINTON HAMMACK; SAM SCHULTZ, BRENDAN WILCZYNSKI; DAVID ANGELL; BRENNIN SHEPHERD; RYAN LEVITZ; WILLIAM MICHAELS; ERIC FLORES; JEROLD EVRARD; TIM THOMPSON; JONATHAN ROBERTSON; JESSE HARDIN; CLAY CHAMPION; RONALD WILSON; GEORGE DEEL; JAMES GENTRY; FRED LUMPKIN; TERRY MILLER; RALPH STILES; and BRIAN WANINGER, | |
| v. | Cause No. 3:08-cv-0186-RLY-WGH |
| KBR, INC.; KELLOGG, BROWN & ROOT SERVICES INC.;  KBR TECHNICAL SERVICES, INC.; OVERSEAS ADMINISTRATIVE SERVICES, LTD.; and SERVICE EMPLOYEES INTERNATIONAL, INC. | JURY DEMANDED |

## DEFENDANTS' REPLY IN SUPPORT OF BILL OF COSTS
## AND MOTION FOR ATTORNEY'S FEES

Defendants submit this Reply in support of their Bill of Costs (Dckt. 129) and Motion for

Attorney's Fees (Dckt. 130), both of which were submitted to this Court on March 16, 2010, and

in Reply to Plaintiffs' Objection (Dckt. 137) and "Memorandum of Law in Support of Plaintiffs' Objection to Defendants' Bill of Costs and in Opposition to Defendants' Motion for Attorney's Fees" (hereinafter "Plaintiffs' Response") (Dckt. 138).

## I.  ATTORNEY'S FEES

    A.    <u>Plaintiffs Have Not Alleged or Shown Any Pre-Suit Personal Jurisdiction Investigation</u>.

Plaintiffs' Response consists of a thirty-seven (37) page brief and twenty-four (24) separate exhibits.  Not one page in any of those documents contains an explanation of Plaintiffs' pre-suit efforts to determine whether the jurisdictional allegations in their Complaint were supported by the facts.  Given the lack of any such explanation, one can only assume that Plaintiffs performed no pre-suit investigation, and simply guessed (or hoped) that they might be able to develop facts demonstrating personal jurisdiction while the litigation was pending.  Such gross disregard for the burdens of litigation on both the courts and litigants cannot be tolerated.

    B.    <u>Plaintiffs Have Not Demonstrated Any Reasonable Grounds for Alleging General Jurisdiction.</u>

Throughout this matter, Plaintiffs asserted that this Court could assert personal jurisdiction over the Defendants under theories of both specific and general jurisdiction.  Plaintiffs' Response, despite its impressive size, contains no explanation for Plaintiffs' erroneous claim this Court could exercise general jurisdiction over the Defendants.  Plaintiffs' claimed that this Court could exercise general jurisdiction over some of the Defendants simply by virtue of their registration to do business in Indiana.  As this Court found, that position contravenes well-established Seventh Circuit precedent.  Defendants warned Plaintiffs of their erroneous position prior to filing the Motion to Dismiss, yet Plaintiffs stubbornly pressed on.

Plaintiffs' also claimed that this Court could exercise general jurisdiction over KBR, Inc. simply because KBR, Inc. is the ultimate parent of some of the other Defendants. As the Court found, Plaintiffs made no attempt to support that claim with facts. The reason is simple: there are no such facts. Again, Plaintiffs' voluminous Response does not even attempt to explain this failure.

It is important to keep in mind that Plaintiffs' assertion of general jurisdiction generated most of the discovery-related fees and costs incurred by the Defendants. While Plaintiffs' specific jurisdiction theory was largely based on a legal concept, the general jurisdiction claim was highly factual in nature. The interrogatories, document requests, depositions and requests for admissions tendered by the Plaintiffs, which generated most of the attorney's fees and costs at issue here, were all directed at facts that Plaintiffs hoped to find to support their allegation of general jurisdiction. Yet, Plaintiffs' Response makes no attempt to justify or explain Plaintiffs' assertion of general jurisdiction.

      C.     <u>Plaintiffs Have Not Demonstrated Any Reasonable Grounds for Alleging Specific Jurisdiction.</u>

Plaintiffs' Response relies solely upon the alleged reasonableness of their *Calder* argument to avoid fee-shifting. Plaintiffs claim that they stated an "immediate intent to rely upon specific jurisdiction and the 'effects test' of *Calder v. Jones,* 465 U.S. 784 (1984), in the 'Venue and Jurisdiction' section of their Complaint." The cited section of the Complaint alleges that "venue and jurisdiction" exist due to Defendants' "knowledge that their herein-described actions would have an effect and an impact in Indiana." (Plaintiffs' Response, p. 2).

This does not restate the *Calder* test. As this Court found, the *Calder* effects test only applies when Defendants commit intentionally tortious actions which are expressly aimed at the forum state and which cause harm in the forum state. (Dckt. 127, p. 13). Nowhere in Plaintiffs'

3

original Complaint did they allege that the Defendants committed intentional acts expressly aimed at Indiana. Rather, it was only after Defendants filed their Motion to Dismiss, and Plaintiffs likely realized the tenuous nature of their general jurisdiction claim, that Plaintiffs petitioned the Court to add intentional tort claims to their Complaint. However, that maneuver was only a temporary reprieve. As this Court found, Defendants' alleged conduct was not targeted at anyone in particular, Plaintiffs' alleged injuries occurred in Iraq rather than Indiana, and several of the Plaintiffs did not even return to Indiana after their service. (Dckt. 127, pp. 14-16).[1] As such, Plaintiffs' jurisdictional claims failed regardless of their belated allegations of intentional torts.

## II. BILL OF COSTS

Plaintiffs argue that Fed. R. Civ. Proc. 54 does not apply because Defendants are not prevailing parties here, as that term is used by the rule. (Plaintiffs' Response, pp. 22-23). However, 28 U.S.C. § 1919 states that "[w]henever any action or suit is dismissed in any district court … for want of jurisdiction, such court may order the payment of just costs." Defendants' request for costs is made under 28 U.S.C. § 1919.[2] Defendants recognize that an award of costs under 28 U.S.C. § 1919 is not presumptive. *Callicrate v. Farmland Indus., Inc.,* 139 F.3d 1336, 1339 (10th Cir. 1998); *Edward W. Gillen Co. v. Hartford Underwriters Ins. Co.*, 166 F.R.D. 25, 27 (E.D. Wis. 1996). Given the lack of any evidence that the Plaintiffs performed a pre-suit investigation to determine whether it had a good faith basis upon which to assert personal jurisdiction, an award of costs in this matter is just.

---

[1] Defendants reluctantly concede that the Court must accept Plaintiffs' allegations as true for purposes of ruling on the Motion to Dismiss. Nevertheless, Defendants strongly deny those allegations.

[2] The Bill of Costs itself, which is based on the Court's form, does not cite any statute in particular. Defendants mistakenly cited Fed. R. Civ. Proc. 54(d)(1) in passing in their Brief In Support of Attorney's Fees. The citation should have been to 28 U.S.C. § 1919.

4

Plaintiffs also argue that Defendants have not shown that their costs were related to obtaining a ruling on the Motion to Dismiss. (Plaintiffs' Response, p. 27). Such a burden is not Defendants' to carry. The statute does not limit the Defendants to costs related directly to the vehicle for dismissal. If this Court finds that an award of costs is just, Defendants are entitled to all of the costs set forth in 28 U.S.C. § 1920, regardless of whether they were related to jurisdictional issues, procedural issues, substantive issues or something else.

### III.  DISCOVERY DISPUTES

Most of Plaintiffs' Response is dedicated to a recitation of supposed discovery abuses by the Defendants. (See Plaintiffs' Response, pp. 3-21). Among the supposedly deficient discovery responses are Defendants' responses to interrogatories and document requests in March and April of 2009. (See Dckt. 138-1, 138-3, 138-4, 138-5, 138-6, 138-7). Plaintiffs even allege discovery violations by KBR in a lawsuit pending in West Virginia (Dckt. 138-22; Plaintiffs' Response, pp. 18-20).

Defendants deny all of these allegations, but decline to respond further as these allegations are wholly irrelevant here. The time for bringing discovery disputes to this Court has long since passed. Had Plaintiffs brought these disputes to the Court for resolution, Defendants could and would have defended their responses. However, they declined to do so.

Further, these discovery issues relate to non-jurisdictional discovery. Some even relate to other lawsuits. Defendants are only seeking fees related to the motion to dismiss, necessary research and briefing related to personal jurisdiction, and jurisdictional discovery in this case. As Plaintiffs' allegations are unrelated to those issues, there is no point in responding to them at this time.

Finally, responding to Plaintiffs' false and misleading accusations would require substantial research as well as the drafting and submission of briefs, affidavits and other supporting materials, all of which would surely generate additional attorney's fees and litigation costs for a case that should have never been filed in this Court. Incurring those fees and costs simply makes no sense.

## IV.  CONCLUSION

Plaintiffs did not perform an adequate pre-suit investigation to determine whether this Court had personal jurisdiction over the Defendants. When confronted with the fact that their first jurisdictional theory would fail, Plaintiffs should have dismissed this case and refiled in an appropriate jurisdiction. Instead, Plaintiffs manufactured a second jurisdictional theory and pressed forward with two defective theories. The reason is clear: Plaintiffs were forum shopping for a sympathetic "home town" jury. Plaintiffs' jurisdictional claims both failed because they were both contrary to the undisputed facts and established law. As a result of this gamesmanship, Plaintiffs exposed the Defendants to more than a year of unnecessary litigation and substantial attorney's fees and costs. Shifting a portion of those fees and costs to the Plaintiffs is just and fair.

Respectfully submitted,

ICE MILLER LLP

*/s/ Donald M. Snemis*
Phillip R. Scaletta
Phillip.Scaletta@icemiller.com
Donald M. Snemis
Donald.Snemis@icemiller.com

Thomas E. Mixdorf
Thomas.Mixdorf@icemiller.com
Seth M. Thomas
Seth.Thomas@icemiller.com
ICE MILLER LLP
One American Square, Suite 2900
Indianapolis, Indiana 46282-0200
(317) 236-2100

M. Randall Jones *(admitted pro hac vice)*
rjones@serpejones.com
William H. Whitaker *(admitted pro hac vice)*
wwhitaker@serpejones.com
SERPE, JONES, ANDREWS, CALLENDER &
BELL, PLLC
Three Allen Center
333 Clay Street, Suite 3485
Houston, Texas 77002
(713) 452-4400

*Counsel for Defendants KBR, Inc., Kellogg Brown & Root Services, Inc., KBR Technical Services, Inc., Overseas Administration Services, Ltd. and Service Employees International, Inc.*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing has been served this 31st day of March, 2010, via the ECF filing system, to the following counsel of record:

David J. Cutshaw
dcutshaw@cohenandmalad.com
Gregory L. Laker
glaker@cohenandmalad.com
Gabriel A. Hawkins
ghawkins@cohenandmalad.com
Irwin B. Levin
ilevin@cohenandmalad.com
COHEN & MALAD, LLP
One Indiana Square, Suite 1400
Indianapolis, IN  46204

Jeffrey L. Raizner
jraizner@DoyleRaizner.com
Michael Patrick Doyle
mdoyle@DoyleRaizner.com
Patrick M. Dennis
pdennis@DoyleRaizner.com
DOYLE RAIZNER LLP
One Houston Center
1221 McKinney, Suite 4100
Houston, TX  77010

Christopher D. Lee
clee@kddk.com
KAHN, DEES, DONOVAN & KAHN, LLP
501 Main Street, Suite 305
Evansville, IN  47708

Charles F. Shane
cfs@bgllaw.com
BIESER, GREER & LANDIS, LLP
400 PNC Center
6 North Main Street
Dayton, Ohio  45402

/s/ Donald M. Snemis
Donald M. Snemis

ICE MILLER LLP
One American Square
Suite 2900
Indianapolis, Indiana 46282-0200
(317) 236-2100

I/2457320.1