UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| MARK McMANAWAY, *et al* | § § § | |
| Plaintiffs, | § § | |
| v. | § § | Cause No. 3:08-cv-0186-RLY-WGH |
| KBR, INC., *et al,* | § § § | |
| Defendants. | § | |

### PLAINTIFFS' REPLY IN SUPPORT OF PLAINTIFFS' OBJECTION TO DEFENDANTS' BILL OF COSTS

After Plaintiffs alerted the Court that Defendants do not have standing to submit their Bill of Costs pursuant to Rule 54(d)(1) of the Federal Rules of Civil Procedure, Defendants now assert that their citation to Rule 54(d) was simply "mistaken" and that they actually had intended to invoke 28 U.S.C. section 1919 in support of their prayer for costs. *See* Defs' Reply at 4 n. 2. Defendants' claim that they had intended to invoke the discretion of this Court to award costs pursuant to 28 U.S.C. section 1919 without offering *any* citation support, factual support, or supporting argument is inherently implausible. *See Callicrate v. Farmland Indus., Inc.*, 139 F.3d 1336, 1339 (10th Cir. 1998) (noting that an award of costs pursuant to 28 U.S.C. section 1919 is discretionary). Thus, Defendants have not properly invoked 28 U.S.C. section 1919, and there is, in reality, no motion before the Court upon which to award costs.

Defendants also assert that their Bill of Costs is proper because Plaintiffs had no reasonable basis to believe that their Indiana personal jurisdiction claims

were submitted in good faith and would be substantiated. *See* Defs' Reply at 4. Defendants' assertion ignores the fact that Plaintiffs (1) were aware that FedSpending.org reported that KBR entities have received nearly $6,000,000 in federal funds alone in Indiana, (2) were aware that Defendants were registered to do business in Indiana, and (3) had a reasonable basis for contending that *Calder v. Jones* conferred jurisdiction upon Defendants. Such considerations constitute a good-faith basis for filing in Indiana.

Defendants next assert that Plaintiffs—<u>unrefuted</u>—allegations of discovery abuse on the part of Defendants are irrelevant to Defendants' Bill of Costs. Defendants' assertion ignores the well established rule that discovery violations and misconduct is a basis to deny a request for a bill of costs. *See Contreras v. City of Chi.*, 119 F.3d 1286, 1295 (7th Cir. 1997); *see also Hudson v. Nabisco Brands, Inc.*, 758 F.2d 1237, 1242 (7th Cir. 1995); *Sheets v. Yamaha Motors Corp. U.S.A.*, 891 F.2d 533, 539-40 (5th Cir. 1990). Defendants' failure to refute Plaintiffs allegations regarding their discovery violations is as telling as it is startling.

In a related argument, Defendants assert that Plaintiffs should have sought redress for Defendants' discovery violations prior to this Court's personal jurisdiction-based dismissal. *See* Defs' Reply at 5. Defendants' assertion ignores the fact that Plaintiffs were only able to substantiate the majority of Defendants' discovery violations by way of Mark Daniels February 12, 2010 deposition and by way of Defendants' attorney billing logs submitted in support of Defendants' Bill of Costs and after this Court dismissed Plaintiffs' claims. Thus, Plaintiffs did not have

an opportunity to raise such issues prior to this Court's February 25, 2010 personal jurisdiction-based dismissal, and Defendants should not be rewarded for being able to conceal their discovery violations until after such violations facilitated their Motion to Dismiss for Lack of Personal Jurisdiction.[1]

Defendants finally assert that their discovery violations only related to merits-based discovery or personal jurisdiction-based discovery issued in this case's West Virginia sister case.  *See* Defs' Reply at 5.  In making this assertion, Defendants fail to make the corresponding showing of why this Court should believe that Defendants would not be disposed to discovery improprieties in their Indiana personal jurisdiction-based discovery obligations when they blatantly flouted the power of this Court by way of their merits-based discovery violations as well as the power of the federal court sitting for West Virginia by way of their West Virginia personal jurisdiction-based discovery violations.

For all of these reasons and those stated in Plaintiffs' Memorandum of Law in Support of Plaintiffs' Objection to Defendants' Bill of Costs, this Court should—at the very least—sustain Plaintiffs' Objection to Defendants' Bill of Costs and Strike Defendants' Bill of Costs.

---

[1] After Mark Daniels' deposition, Plaintiffs had, in fact, drafted a motion for sanctions pursuant to *1100 West, LLC v. Red Spot Paint & Varnish Co., Inc.*, 2009 WL 1605118 * 29-30 (S.D. Ind. June 5, 2009).  Plaintiffs were literally in the process of filing their Motion for Sanctions when they received notice of this Court's personal jurisdiction-based dismissal.

                                        COHEN & MALAD, LLP

By:   /s/ Gabriel A. Hawkins
        David J. Cutshaw, Attorney No. 3997-49
        Gregory L. Laker, Attorney No. 10322-49
        Gabriel A. Hawkins, Attorney No. 23449-53

COHEN & MALAD, LLP
One Indiana Square, Suite 1400
Indianapolis, Indiana 46204
Telephone:  317-636-2481
Facsimile:   317-636-2593

Of Counsel:
Michael Patrick Doyle, Tex. Bar No. 06095650
Jeffrey L. Raizner, Texas Bar No. 00784806
Patrick M. Dennis, Texas Bar No. 24045777

DOYLE RAIZNER LLP
One Houston Center
1221 McKinney Suite 4100
Houston, Texas 77010
Telephone:   713-571-1146
Facsimile:    713-571-1148

4

## CERTIFICATE OF SERVICE

I hereby certify that on April 2nd, 2010, a copy of the foregoing document was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

| | |
|---|---|
| Donald M. Snemis | Jeffrey L. Raizner |
| Phillip R. Scaletta | Michael Patrick Doyle |
| Seth M. Thomas | Patrick M. Dennis |
| ICE MILLER LLP | DOYLE RAIZNER LLP |
| | |
| donald.snemis@icemiller.com | jraizner@DoyleRaizner.com |
| phillip.scaletta@icemiller.com | mdoyle@DoyleRaizner.com |
| seth.thomas@icemiller.com | pdennis@DoyleRaizer.com |
| | |
| *Attorneys for Defendants KBR, Inc., et al* | *Attorneys for Plaintiffs* |

M. Randall Jones
SERPE, JONES, ANDREWS,
CALLENDER & BELL, PLLC

rjones@serpejones.com

        /s/ Gabriel A. Hawkins
        Gabriel A. Hawkins

COHEN & MALAD, LLP
One Indiana Square
Suite 1400
Indianapolis, IN 46204
Telephone (317) 636-6481
Fax (317) 636-2593
Email: ghawkins@cohenandmalad.com