UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

MARK McMANAWAY; DAVID                     )
RANCOURT; BRENT LASHER; JODY              )
AISTROP; WILLIAM EARL BICKELL;            )
MATTHEW DALE BOARD; LARRY                 )
BUNNER; WILLIAM DeLASHMUTT;               )
JEFFREY FROMME; JEFFERY HENKE;            )
ANTHONY HUFF; BEN McINTYRE;               )
JEFFREY ALAN VARNER; TOMMY J.             )
EBERT, JR.; LUCAS RAY WHISTLE;            )
MICAH PARTLOW; JURGEN P.                  )
TURNER, JR.; RUSSELL KIMBERLING;          )
SCOTT WYATT; GARY FISCHL;                 )
STEPHEN SALAMONE; RUSSELL                 )
GARVIN; DANIEL KRIBS; DAVID               )
BARKER; EDWARD BOSA; STEVE                )
MOORE on behalf of the wrongful death     )
estate of DAVID MOORE; JASON              )
BREEDEN; CLINTON HAMMACK; SAM             )
SCHULTZ; BRENDAN WILCZYNSKI;              )
DAVID ANGELL; BRENNIN                     )
SHEPHERD; RYAN LEVITZ; WILLIAM            )
MICHAELS; ERIC FLORES; JEROLD             )
EVRARD; TIM THOMPSON;                     )
JONATHAN ROBERTSON; JESSE                 )
HARDIN; CLAY CHAMPION; RONALD             )
WILSON; GEORGE DEEL; JAMES                )
GENTRY; FRED LUMPKIN; TERRY               )
MILLER; RALPH STILES; and BRIAN           )
WANINGER,                                 )
           Plaintiffs,                    )
                                          )
      vs.                                 )      3:08-cv-186-RLY-WGH
                                          )
KBR, INC.; KELLOGG, BROWN & ROOT)
SERVICES INC.; KBR TECHNICAL              )
SERVICES, INC.; OVERSEAS                  )
ADMINISTRATIVE SERVICES, LTD.;            )
and SERVICE EMPLOYEES                     )

INTERNATIONAL, INC.,            )
      Defendants.                   )

**ENTRY ON DEFENDANTS' MOTION FOR ATTORNEY'S FEES and PLAINTIFFS' OBJECTION TO DEFENDANTS' BILL OF COSTS**

This matter is now before the court on Defendants' Motion for Attorney's Fees and Plaintiffs' Objection to Defendants' Bill of Costs. For the reasons set forth below, Defendants' motion is **DENIED** and Plaintiffs' objection is **SUSTAINED**.

**I.    Background**

Plaintiffs filed their initial complaint on December 3, 2008. In their initial complaint, Plaintiffs asserted that jurisdiction in this court was proper because the Defendants regularly recruit in Indiana, employ citizens of Indiana, and directed activity into Indiana with the knowledge that the activity would have an effect and an impact in Indiana. In answering the complaint, Defendants asserted that Plaintiffs' claims were barred for lack of personal jurisdiction.

In January of 2009, counsel for both parties corresponded on the issue of personal jurisdiction. Plaintiffs' counsel requested that Defendants withdraw their defense of lack of personal jurisdiction, on the grounds that Defendants had availed themselves of the jurisdiction of Indiana by registering with the appropriate state authorities to conduct business in Indiana. Defendants' counsel declined, citing disagreement with Plaintiffs' assertion that registering to do business in a state confers personal jurisdiction in that state. Defendants then demanded that Plaintiffs dismiss their lawsuit for lack of personal jurisdiction.

2

As Plaintiffs did not voluntarily dismiss their lawsuit, Defendants filed a motion to dismiss for lack of personal jurisdiction on March 23, 2009. Plaintiffs opposed Defendants' motion, arguing that both general and specific personal jurisdiction applied. After much contemplation, the court issued a twenty page entry granting Defendants' motion to dismiss on February 25, 2010. A final judgment was entered in Defendants' favor on March 2, 2010. On March 16, 2010, Defendants filed the present motion for attorney's fees. Specifically, Defendants request $126,121.12 for fees and $10,422.10 for costs. On that same day, Defendants also filed a Bill of Costs in the amount of $34,277.73.

## II.     Motion for Attorney's Fees

Defendants claim that they are entitled to attorney's fees pursuant to 28 U.S.C. § 1927, Indiana Code § 34-52-1-1(b), and the court's inherent power to impose sanctions. The court addresses each of Defendants' arguments in turn below.

### A.     28 U.S.C. § 1927

Pursuant to 28 U.S.C. § 1927, "any attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." Thus, in order to impose sanctions under Section 1927, the court must find that the offending attorney acted unreasonably and vexatiously. *Kotsilieris v. Chalmers*, 966 F.2d 1171, 1184 (7th Cir. 1992). Vexatious has been interpreted to mean either subjective or objective bad faith. *Id.* Subjective bad faith may be demonstrated by

evidence of malice or ill will. *Id.* Objective bad faith may be demonstrated by evidence of "extremely negligent conduct, like reckless and indifferent conduct." *Id.* at 1185; *see also In re TCI Ltd.,* 769 F.2d 441, 445 (7th Cir. 1985).

Defendants argue that Plaintiffs' counsel acted unreasonably and vexatiously by failing to dismiss or transfer Plaintiffs' action after Defendants asserted the defense of lack of personal jurisdiction. Specifically, Defendants argue that counsel's arguments as to general and specific jurisdiction were indifferent to binding Seventh Circuit precedent. The court disagrees. With respect to general jurisdiction, Defendants do have some contacts with the state of Indiana. While the court found that those contacts were not of the quantity or quality to give rise to a finding of general jurisdiction, they were sufficient for Plaintiffs to make a good faith argument in favor of such a finding. With respect to specific jurisdiction, Plaintiffs merely argued in favor of an extension of the applicable law. Although the court declined to accept Plaintiffs' argument, it was not reckless for Plaintiffs' counsel to make such an argument.

### B. Indiana Code § 34-52-1-1(b)

Indiana Code § 34-52-1-1(b) provides that:

> In any civil action, the court may award attorney's fees as part of the cost to the prevailing party, if the court finds that either party: (1) brought the action or defense on a claim or defense that is frivolous, unreasonable, or groundless; (2) continued to litigate the action or defense after the party's claim or defense clearly became frivolous, unreasonable, or groundless, or; (3) litigated the action in bad faith.

A claim is frivolous

> (a) if it is taken primarily for the purpose of harassing or maliciously injuring a person, or (b) if the lawyer is unable to make a good faith and rationale argument on the merits of the action, or (c) if the lawyer is unable to support the action taken by a good faith and rational argument for an extension, modification, or reversal of existing law.

*Kopa, Landau & Pinkus v. Hansen*, 874 N.E.2d 1065, 1074 (Ind. Ct. App. 2007) (quoting *Kahn v. Cundiff*, 533 N.E.2d 164, 170 (Ind. Ct. App. 1989), *summarily aff'd by* 543 N.E.2d 627 (Ind. 1989)).  "A claim is unreasonable 'if, based on a totality of the circumstances, including the law and facts known at the time of the filing, no reasonable attorney would consider that the claim or defense was worthy of litigation or justified.'" *Id.* at 1075 (quoting *Kahn*, 533 N.E.2d at 170-71).  "And a claim is groundless 'if no facts exist which support the legal claim relied on and presented by the losing party.'" *Id.* (quoting *Kahn*, 533 N.E.2d at 171).

In the instant case, it appears the Defendants argue that all three standards apply.  The court disagrees.  While Plaintiffs' evidence concerning general jurisdiction was fairly thin, the court does not believe that it was so lacking as to render Plaintiffs' argument frivolous.  Nor can it be said that no reasonable attorney would have asserted that general jurisdiction applied.  Furthermore, the court has already explained that Plaintiffs' argument as to specific jurisdiction was a good faith and rational argument for an extension of the existing law.  The court ultimately disagreed with Plaintiffs' conclusions at to personal jurisdiction, however, Plaintiffs' arguments were not so far of left field as to warrant an award of attorney's fees, let alone an award of well over a hundred thousand dollars.

### C. The Court's Inherent Power

"The court retains inherent authority to impose sanctions when the situation is grave enough to call for them and the misconduct has somehow slipped between the cracks of the statutes and rules covering the usual situations." *Claiborne v. Wisdom*, 414 F.3d 715, 724 (7th Cir. 2005) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991)). The court declines to exercise its power in the instant case. Defendants' motion to dismiss was not nearly as one-sided as Defendants are portraying it to have been. Plaintiffs made several good arguments and the court was only able to reach a decision after much research and reflection. For this reason, the court sees no reason to deviate from the general rule under which each party to a lawsuit bears his own expenses.

## II. Bill of Costs

Pursuant to 28 U.S.C. § 1919, a district court has the authority to order the payment of "just costs" when an action or suit is dismissed "for want of jurisdiction." An award of costs under Section 1919 is not presumptive, but rather at the court's discretion. *See Edward W. Gillen Co. v. Hartford Underwriters Ins. Co.*, 166 F.R.D. 25, 27 (E.D. Wis. 1996). In the instant case, Defendants argue that an award of costs is just because there is no "evidence that the Plaintiffs performed a pre-suit investigation to determine whether [they] had a good faith basis upon which to assert personal jurisdiction." Again, the court disagrees. It is clear that Plaintiffs did conduct a pre-suit investigation because they stated their reasons for asserting personal jurisdiction in Indiana in their initial complaint. As discussed above, the court finds that it was not unreasonable for Plaintiffs

to bring their lawsuit in Indiana and that Plaintiffs acted in good faith by doing so. Accordingly, the court finds that an award of costs would not be in the interest of justice and sustains Plaintiffs' objection.

### III. Conclusion

For the foregoing reasons, Defendants' Motion for Attorney's Fees (Docket # 130) is **DENIED** and Plaintiffs' Objection to Defendants' Bill of Costs (Docket # 137) is **SUSTAINED**.

**SO ORDERED** this 12th day of May 2010.

_____
RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

Electronic Copies to:

David J. Cutshaw
COHEN & MALAD LLP
dcutshaw@cohenandmalad.com

Michael Patrick Doyle
DOYLE RAIZNER LLP
mdoyle@doyleraizner.com

Gabriel Adam Hawkins
COHEN & MALAD LLP
ghawkins@cohenandmalad.com

Randall Jones
SERPE JONES ANDREWS CALLENDER & BELL PLLC
rjones@serpejones.com

Gregory L. Laker
COHEN & MALAD LLP
glaker@cohenandmalad.com

Christopher D. Lee
KAHN DEES DONOVAN & KAHN
clee@k2d2.com

Irwin B. Levin
COHEN & MALAD LLP
ilevin@cohenandmalad.com

Thomas Eugene Mixdorf
ICE MILLER LLP
thomas.mixdorf@icemiller.com

Jeffrey L. Raizner
DOYLE RAIZNER LLP
jraizner@doyleraizner.com

Phillip R. Scaletta
ICE MILLER
scaletta@icemiller.com

Donald M. Snemis
ICE MILLER LLP
donald.snemis@icemiller.com

Seth M. Thomas
ICE MILLER LLP
seth.thomas@icemiller.com

William H. Whitaker
SERPE, JONES, ANDREWS, CALLENDER & BELL, PLLC
wwhitaker@serpejones.com

Copy to:

Patrick M Dennis
DOYLE RAIZNER LLP
One Houston Center
1221 McKinney
Suite 4100
Houston, TX 77010

Charles Shane
Bieser, Greer, & Landis, LLP
400 PNC Center
6 North Main Street
Dayton, OH 45402-1908